Walker G. Harman, Jr. [WH-8044]
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X

HARBANS KAUR,

                     Civil Action No:

          Plaintiff,        **AMENDED COMPLAINT**

   -against-

NEW YORK CITY HEALTH
& HOSPITALS CORPORATION      **PLAINTIFF HEREBY**
(A.K.A. HARLEM HOSPITAL),         **DEMANDS A TRIAL**
                                                       **BY JURY**

          Defendant.
---------------------------------------------------------------------X

      Plaintiff, Harbans Kaur, by her attorney, Walker G. Harman, Jr., as and for her complaint against Defendant, New York City Health & Hospitals Corporation, alleges as follows:

**PARTIES, JURISDICTION AND NATURE OF ACTION**

      1.     Plaintiff, Harbans Kaur, a citizen of Woodside, New York, was subject to ongoing race discrimination and was illegally terminated in retaliation for raising her rights under anti-discrimination laws.

      2.     Defendant, New York City Health & Hospitals Corporation (Herein after "Harlem Hospital") is a corporation authorized to do business in New York, located at 346 Broadway RM 711, New York, New York 10013.

3. Ms. Kaur was unlawfully terminated on January 2, 2007 in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII").

4. During the tenure of Ms. Kaur's employment, she worked in a hostile work environment where racially offensive and pejorative comments were routinely made to her. In response, Ms. Kaur regularly filed complaints regarding these racially offensive comments to which she was she was subjected, including complaints to internal administrators at Harlem Hospital and two complaints with the New York State Division of Human Rights.

5. Moreover, Ms. Kaur was terminated in retaliation for regularly raising her rights under anti-discrimination laws.

6. This action seeks compensatory and punitive damages for Defendant's violations of Title VII of the Civil Rights Act, New York City Administrative Code § 8-502(a), *et. seq.* and New York Executive Law § 296, *et. seq.*

7. Ms. Kaur filed a charge with the Equal Employment Opportunity Commission ("EEOC") and was issued a right to sue letter on March 29, 2006, which was received by Ms. Kaur on April 4, 2007.

8. Venue is properly laid in this Court in that the unlawful conduct giving rise to this Complaint occurred within the County of New York.

## BACKGROUND AND DISCRIMINATION

### I.

9. Ms. Kaur, who is of Asian-Indian decent, was hired in December 1987 to work as a nurse for the Harlem Hospital. In June 1992, Ms. Kaur received her RN and was promoted and assigned to the Emergency Room as a critical care nurse.

10. Before the discrimination began, Ms. Kaur worked at Harlem Hospital for many years without incident, regularly receiving positive feedback for her work performance.

11. On or about the spring of 1998, a group of nurses of Caribbean descent began a pattern of discrimination against Ms. Kaur that included offensive statements about her national origin and false accusations of work misconduct, all of which culminated in her illegal termination in retaliation for Ms. Kaur raising her rights under anti-discrimination law.

12. Each Harlem Hospital employee who participated in the discrimination against Ms. Kaur are of Caribbean or Nigerian descent and, on information and belief, did not like Ms. Kaur because of her Asian-Indian national origin.

13. For instance, as part of the discrimination, in May 1998, Ms. Kaur was demoted for no reason to the medical floor without notice. In addition, in June 1998, Ms. Kaur was suspended for four (4) days by Head Nurse Ms. Edyth Stoddard for purportedly not doing her job correctly.

14. Thereafter, Ms. Stoddard continued this discriminatory behavior by giving assignments to Ms. Kaur without the necessary support staff.

15. When Ms. Kaur took her complaints to Ms. Stoddard, she accused Ms. Kaur of complaining too much. Ms. Stoddard even encouraged patients to hit Ms. Kaur and give her

negative feedback. Additionally, she told Ms. Kaur, "We don't want foreigners here. This is Harlem, a black community. We don't like foreigners."

16. Afterwards, Ms. Kaur was moved to another floor for approximately two (2) months, and then to Radiology, again under the supervision of Ms. Stoddard, without any form of orientation and without the necessary staff.

17. Ms. Stoddard lied about Ms. Kaur to her supervisors, falsely accusing Ms. Kaur of calling the nurses "black witches."

18. Ms. Kaur was also told to "go back to her country," to "eat cows," that she was "dirty," "unclean," and "lived in tents."

19. Ms. Kaur's supervisors told other nurses not to assist her in her duties.

20. Complaints about Ms. Kaur were fabricated by supervisors in an effort to force her to leave Harlem Hospital, where someone of Asian-Indian origin was not welcome.

21. Ms. Kaur had numerous baseless complaints made about her that she has adamantly denied. Furthermore, Labor Relations was never able to find any fault with her work performance.

22. In an effort by the staff to find cause to terminate her, Ms. Kaur was regularly prevented from accurately recording her time. In addition, staff members would falsify Ms. Kaur's time records.

23. Ms. Kaur regularly complained about the hostile work environment and discrimination that she endured on a daily basis. Ms. Kaur even filed two (2) separate charges with the New York State Division of Human Rights.

24. In August 2000, Assistant Director of Nurses, Ms. June Bobcombe, moved Ms. Kaur to Ambulatory Care. From there, Ms. Kaur was continuously moved around from department to department within Ambulatory Care, contrary to normal hospital protocol.

25. In 2001, Ms. Bobcombe again moved Ms. Kaur to Radiology.

26. In 2003, Ms. Kaur was terminated once again, only to be reinstated pursuant to a union proceeding or a directive from the NYS Division of Human Rights.

27. Upon Ms. Kaur's return, Ms. Bobcombe asked the staff to "keep an eye on her" and not to listen to this "crazy Indian nurse."

28. Moreover, another nurse of Caribbean descent, Mr. Charles, RN, asked Ms. Kaur very inappropriate questions in front of both hospital staff and patients. When Ms. Kaur complained to Ms. Bobcombe, she neglected to any action, and continued to move Ms. Kaur from department to department without any orientation or training.

29. This pattern of hostility, abuse and discrimination continued for years.

30. Throughout the years of discrimination, Ms. Kaur had to endure the most egregious types of insults; she was told she was dirty, that she smelled, and did not belong in this country. Ms. Kaur was even told to "cut her hair and look more sexy."

31. The Defendant was at all times aware of Ms. Kaur's civil rights yet deliberately disregarded them.

32. Upon information and belief, Defendant's actions were done maliciously and/or in reckless disregard for Ms. Kaur's civil rights.

33. Ms. Kaur was degraded and humiliated in the work place simply because of her national origin. Ms. Kaur was the only Asian-Indian assigned to work under the supervision of Ms. Stoddard. Upon information and belief, Ms. Stoddard did not like Ms. Kaur because she

was of Asian-Indian descent. Accordingly, Ms. Stoddard would give assignments to Ms. Kaur without the necessary support staff or orientation.

34. Ms. Kaur was belittled, insulted, humiliated and harassed because of her Asian-Indian national origin. She suffered greatly during her tenure with Harlem Hospital.

## RETALIATION

### II.

35. Finally, in retaliation for regularly raising her rights under anti-discrimination laws, Ms. Kaur was illegally terminated in January 2007. She was told that she had purportedly been engaged in work misconduct, a completely pre-textual excuse.

36. As previously stated, any allegations of work misconduct were all part of a discriminatory plan to set up Ms. Kaur for an illegal and retaliatory termination.

37. At no time did Ms. Kaur engage in any of the type of "misconduct" that the defendant alleges led to her termination. Specifically, at no time did Ms. Kaur falsify her time records or otherwise "steal time" from the defendant.

38. Accordingly, the only real reason for the termination must be retaliation for Ms. Kaur regularly raising her rights under anti-discrimination laws.

## FIRST CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "38" with the same force and affect as if separately alleged and reiterated herein.

40. Defendant discriminated and retaliated against plaintiff in violation of Title VII of the Civil Rights Act.

41. As a result, plaintiff suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "38" with the same force and affect as if separately alleged and reiterated herein.

43. Defendant discriminated and retaliated against plaintiff in violation of New York Executive Law § 296, *et. seq.*

44. As a result, plaintiff suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "38" with the same force and affect as if separately alleged and reiterated herein.

46. Defendant discriminated and retaliated against plaintiff in violation of New York City Administrative Code § 8-502(a), *et. seq.*

47. As a result, plaintiff suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(i) On the First Cause of Action, actual damages to be determined at trial, but in no event less than $300,000;

(ii) On the Second Cause of Action, actual damages to be determined at trial, but in no event less than $1,000,000;

(iii) On the Third Cause of Action, actual damages in an amount to be determined at trial, but in no event less than $1,000,000 and punitive damages to be determined at trial, but no less that $1,000,000;

(iv) Statutory attorney's fees pursuant to NYC Administrative Code § 8-502(a);

(v) Disbursements and other costs; and

(vi) For such other and further relief which the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated:  New York, New York
August 7, 2007

_____
Walker G. Harman, Jr.
1350 Broadway, Suite 1510
New York, New York 10018
(212) 425-2600