UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HARBANS KAUR,

                                            Plaintiff,

              -against-                            **ANSWER TO AMENDED COMPLAINT**

NEW YORK CITY HEALTH & HOSPITALS         07 Civ. 6175 (LAP)(MHD)
CORPORATION (A.K.A. HARLEM HOSPITAL),

                                          Defendant.

------------------------------------------------------------------ x

       Defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("HHC"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege as follows:

      1.     Denies the allegations set forth in paragraph "1" of the complaint.

      2.     Denies the allegations set forth in paragraph "2" of the complaint, except admit that HHC is a public benefit corporation duly organized and existing under the New York City Health and Hospitals Corporation Act ("NYCHHCA"), codified at McKinney's Unconsolidated Laws §§ 7381-7406, that Harlem Hospital is operated by HHC, that Harlem Hospital is located at 506 Lenox Avenue, New York, New York 10037, and respectfully refer the Court to the statute cited herein for a full and complete statement its contents.

      3.     Denies the allegations set forth in paragraph "3" of the complaint, except admit that on or about January 2, 2007, plaintiff was terminated from Harlem Hospital for falsification of Harlem Hospital timesheets, excessive lateness, misconduct and insubordination.

      4.     Denies the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff filed complaint number 4607000 with the New York State Division of Human

Rights on January 14, 2003 and complaint number 10111611 with the New York State Division of Human Rights on May 8, 2006, that on or about June 20, 2005, November 10, 2005, March 27, 2006, and April 4, 2006, plaintiff Harlem Hospital supervisors about alleged harassment.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admit that on or about January 2, 2007, plaintiff was terminated from Harlem Hospital for falsification of Harlem Hospital timesheets, excessive lateness, misconduct and insubordination.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admit that on or about May 8, 2006, plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a right to sue letter on March 29, 2007.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admit that the venue of this court is appropriate.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff was appointed to Harlem Hospital on or about December 21, 1987 as a Licensed Practical Nurse, that plaintiff became a Staff Nurse on or about December 9, 1991, and that plaintiff was hired as a Registered Nurse at Harlem Hospital on or about June 8, 1992 and assigned to the Emergency Department and admit that plaintiff self-indentifies as of Asian-Indian decent.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to whether or not unidentified nurses of Caribbean and Nigerian descent liked or disliked plaintiff.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admit that on June 23, 1998, plaintiff was relieved of duty for the day for refusing to accept a work assignment from Ms. Edyth Stoddard.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admit that in or about June 1998, plaintiff was assigned to the Radiology Department and deny knowledge or information sufficient to form a belief as to the floors that plaintiff was allegedly assigned in the spring of 1998.

17. Denies the allegations set forth in paragraph "17" of the complaint,.

18. Denies the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the alleged statements by unidentified individuals.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was terminated on January 2, 2007 for among other things, falsification of her Harlem Hospital timesheets.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admit that on or about June 20, 2005, November 10, 2005, March 27, 2006, and April 4, 2006, plaintiff complained about alleged harassment, that plaintiff filed complaint number 4607000 with the New York State Division of Human Rights on January 14, 2003 and complaint number 10111611 with the New York State Division of Human Rights on May 8, 2006.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admit that at some point after June 8, 2000, plaintiff was assigned to Ambulatory Care and remained in that position until December 8, 2000, when she was assigned to Radiology.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff was assigned to the Radiology Department from June 8, 1998 through June 8, 1999 and December 8, 2000 through December 8, 2002.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admit that on or about February 5, 2003, plaintiff was sent an Absent Without Official Leave ("AWOL") letter for being AWOL from Harlem Hospital as of December 6, 2002, that on February 14, 2003, plaintiff was sent a second AWOL letter, that on February 24, 2003, a Notice and Statement of Charges was sent to plaintiff concerning the AWOL disciplinary charge, that on March 18, 2003, plaintiff failed to notify anyone or appear at the hearing regarding the charge of AWOL, that on May 7, 2003, the Hearing Officer found plaintiff guilty of the charge of AWOL and recommended termination of plaintiff's services, that on May 13, 2003, plaintiff returned to Harlem Hospital and was informed that she was terminated, that after submitting appropriate documentation concerning her leave of absence, plaintiff was reinstated at Harlem Hospital on June 18, 2003 and retroactively compensated for the period of May 13, 2003 through June 18, 2003.

- 5 -

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint, except deny knowledge or information sufficient to form a belief as to the alleged conversations between plaintiff and another nurse, allegedly of Caribbean descent, who is only identified by his last name in the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint, except deny knowledge and information sufficient to form a belief as to the allegations of what plaintiff was allegedly told by unidentified individuals.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff was terminated on January 2, 2007 for falsification of Harlem timesheets, excessive lateness, misconduct and insubordination.

36. Denies the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff was terminated on January 2, 2007 for falsification of Harlem timesheets, excessive lateness, misconduct and insubordination.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the paragraph "39" of the complaint, defendant repeats and realleges its responses to paragraphs "1" through "38" of the complaint, inclusive of all subparts, as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the paragraph "42" of the complaint, defendant repeats and realleges its responses to paragraphs "1" through "38" of the complaint, inclusive of all subparts, as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the paragraph "45" of the complaint, defendant repeats and realleges its responses to paragraphs "1" through "38" of the complaint, inclusive of all subparts, as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

### FOR A FIRST DEFENSE:

48. The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

49. The complaint is barred, in whole or in part, by the applicable statute of limitations.

### FOR A THIRD DEFENSE:

50. The complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit.

### FOR A FOURTH DEFENSE:

51. The complaint may be barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, res judicata, collateral estoppel, judicial estoppel or any combination of these doctrines.

### FOR A FIFTH DEFENSE:

52. Plaintiff's damages claims are barred by her failure to mitigate damages.

### FOR A SIXTH DEFENSE:

53. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

### FOR A SEVENTH DEFENSE:

54. Any of plaintiff's city or state law claims which accrued more than one year and ninety (90) days prior to the commencement of this action are time-barred by the applicable statute of limitations.

### FOR A EIGHTH DEFENSE:

55. This Court may lack subject matter jurisdiction over any Title VII claims contained in the amended complaint which were not also contained in plaintiff's charge of discrimination filed with the EEOC.

### FOR A NINTH DEFENSE:

56. At all times relevant to the acts alleged in the Amended Complaint, defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

### FOR A TENTH DEFENSE:

57. Defendants have not violated any rights, privileges or immunities of the plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

## FOR A ELEVENTH DEFENSE:

58.  Defendant HHC is not subject to an award for punitive damages.

## CONCLUSION

**WHEREFORE,** defendant respectfully requests judgment dismissing the complaint in its entirety, denying all relief requested therein, and granting defendant costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 13, 2007

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-317
New York, New York 10007-2601
(212) 788-0960

By: _____
    Christopher L. Heer (CH1086)
    Assistant Corporation Counsel

TO:  **WALKER G. HARMAN, JR.**
     Attorney for Plaintiff
     1350 Broadway – Suite 1510
     New York, NY 10018

## DECLARATION OF SERVICE

I, **CHRISTOPHER L. HEER,** declare pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that today, I served the annexed Answer to Amended Complaint upon:

**WALKER G. HARMAN, JR.**
Attorney for Plaintiff
1350 Broadway – Suite 1510
New York, NY 10018

said address(es) being designated by those attorneys for service, by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York.

Dated:   New York, New York
November 13, 2007

_____
**CHRISTOPHER L. HEER**

07 Civ. 6175 (LAP)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARBANS KAUR,

            Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION (A.K.A. HARLEM HOSPITAL),

            Defendant.

## ANSWER TO AMENDED COMPLAINT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-317
New York, N.Y. 10007-2601

Of Counsel:  Christopher L. Heer
Tel: (212) 788-0960

NYCLIS No. 2007-029992

*Due and timely service is hereby admitted.*

New York, N.Y. .................., 2007

Signed: ..................

Attorney for ..................